Gershengorn, J.
The defendants’ motion for summary judgment is denied. There is a material issue of fact in dispute as to whether the horse at issue (“York Enterprise”) constitutes a consumer good or equipment under the Uniform Commercial Code. A consumer good is defined as a good which is “used or bought for use primarily for personal, family or household purposes.” G.L.c. 106, §9-109(1). Equipment is defined as goods “used or bought for use primarily in business, including farming or a profession, or by a debtor who is a non-profit organization or a governmental subdivision or agency or if the goods are not included in the definitions of inventory, farm products or consumer goods.” G.L.c. 106, §9-109(2). The primary use of a good is a question of a fact to be determined by a jury. Balser v. Cessna Aircraft Co., 512 F.Supp. 1217, 1220 (N.D. Ga. 1981). The defendants argue that “York Enterprise” was purchased primarily for the Kazmaiers’ horse business at Riverfront Farm; however, there is evidence in the record to suggest that “York Enterprise” was purchased primarily for Kristen Kazmaier so that she could compete “at the highest levels of amateur dressage competition.” (Emphasis added.) The determination of that factual dispute is material to whether the defendants lawfully disclaimed the implied warranties of merchantability and fitness on the bill of sale. General Law c. 106, §2-316A prohibits the disclaimer of any implied warranties of merchantability and fitness involved in sales of consumer goods. G.L.c. 106, §2-316A.